**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Enrique CAMPANA–BARRAZA,**
**a.k.a. Eric, Defendant–Appellant.**

**No. 12–50041.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 31, 2012.

Curtis A. Kin, Esquire, Assistant U.S., Nicholas A. Pilgrim, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Paul William Blake, Bonita, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Jorge Enrique Campana–Barraza appeals from the district court's judgment and challenges the 188–month sentence and five-year term of supervised release imposed following his jury-trial conviction for conspiracy to distribute and to possess with intent to distribute methamphet-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

amine, in violation of 21 U.S.C. § 846; and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Campana–Barraza contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain why a supervised release term was warranted given his deportable alien status. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court listened to the mitigating arguments, considered the section 3553(a) factors, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc). Furthermore, the five-year supervised release term was the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.1.

Campana–Barraza next contends that the district court abused its discretion by imposing a substantively unreasonable sentence. Campana–Barraza's sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.